JS - 6      LINK: 8

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-08961 GAF (AJWx) | Date | January 3, 2012 |
|---|---|---|---|
| Title | B. C. et al v. Blue Cross of California et al. | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| None | None | |

**Proceedings:**      **(In Chambers)**

## ORDER RE: MOTION TO REMAND

### I.  INTRODUCTION AND BACKGROUND

　　　Plaintiff Brooklyn Chase ("B.C."), through and with her guardian ad litem, Marriane Chase, initiated this putative class action in Los Angeles Superior Court on July 15, 2011, alleging that Blue Cross of California ("Blue Cross") wrongfully denied coverage to her and thousands of other children with autism spectrum disorder ("ASD").  (Docket No. 2, Declaration of Mary R. Conklin ("Conklin Decl."), Ex. 1 at 130 [Compl.], Ex. 1 at 69 [First Am. Compl.] ("FAC") ¶ 1.)  Defendant removed the case to this Court on October 28, contending that B.C.'s simultaneous enrollment in an Employee Retirement Income Security Act ("ERISA") plan preempts her state law claims and gives rise to federal jurisdiction.  (Docket No. 1, Not.)  Plaintiffs now move for remand on the grounds that Defendant's removal was untimely, and that the ERISA plan is immaterial to the action.  Because the Court concludes that Defendant's removal is premature, the motion is **GRANTED**, and the case is **REMANDED** to Los Angeles Superior Court.

　　　Plaintiffs allege that California's Mental Health Parity Act ("MHPA"), as well as Blue Cross's own health insurance contracts require the insurer to provide coverage for the treatment of ASD.  (Id. ¶¶ 1-2.)  Nevertheless, Plaintiffs allege, Blue Cross has "a pattern and practice" of persistently refusing to provide state-mandated health care and treatment for ASD, systematically denying coverage for applied behavior analysis ("ABA") despite that therapy's recognized effectiveness in treating problems associated with ASD, and despite the "critical need" for it to be provided at an early age.  (Id. ¶¶ 3, 23-24.)  Brooklyn, who has been diagnosed

Case 2:11-cv-08961-GAF-AJW Document 13 Filed 01/03/12 Page 2 of 9 Page ID #:298

JS - 6   LINK: 8

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-08961 GAF (AJWx) | Date | January 3, 2012 |
|---|---|---|---|
| Title | B. C. et al v. Blue Cross of California et al. | | |

with ASD, was "repeatedly and wrongfully denied treatment" for that condition until recently, when Blue Cross "authorized limited ABA for [her] but did so with the proviso that the ABA would have to be administered by someone who possesses a license to provide various types of other services but not necessarily credentialed for providing ABA."  (Id. ¶¶ 13-18.)  Plaintiffs allege that Blue Cross has "impos[ed] such an artificial requirement" because it knows "that those who are trained to provide ABA typically are not licensed," and therefore that such a condition will allow it to refuse coverage.  (Id. ¶ 24.)

On the basis of these facts, Plaintiffs assert four causes of action in their FAC.  First, Plaintiffs bring a putative class action claim for declaratory relief, seeking a declaration of rights under insurance contracts with Blue Cross and the MHPA, on behalf of "all California residents covered as subscribers under Blue Cross of California's non-ERISA health care plans who have been diagnosed, or whose covered dependents have been diagnosed, with an autism spectrum disorder at any time from July 15, 2007 to the date of the mailing of the class notice in this action." (Id. ¶¶ 27, 34-40).  Plaintiffs also bring individual causes of action for breach of contract, breach of the duty of good faith and fair dealing, and unfair business practices under California's Business & Professions Code §§ 17200 et seq.  (Id. ¶¶ 41-66.)

## II.  DISCUSSION

**A. LEGAL STANDARD FOR REMOVAL UNDER 28 U.S.C. § 1441**

Defendants may remove any action filed in state court over which federal district courts have original jurisdiction.  See 28 U.S.C. § 1441(a).  Generally speaking, a party may bring a case within the jurisdiction of the federal courts by demonstrating the existence of either: (1) diversity of citizenship, under 28 U.S.C. § 1332; or (2) a federal question, under 28 U.S.C. § 1331.  William W. Schwarzer, et al., California Practice Guide: Federal Civil Procedure Before Trial § 2:2, at 2A-1 (2006).

Pursuant to statute, federal courts have subject matter jurisdiction of "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  State-court lawsuits may only be removed to federal court if they could have been filed in federal court in the first instance.  Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).  "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  Id.  In other words, a federal court is only to look to the plaintiff's pleadings in order to determine whether the case is removable; it may not examine the defendant's pleadings.  Self v. General Motors Corp., 588 F.2d 655, 657 (9th

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-08961 GAF (AJWx) | Date | January 3, 2012 |
|---|---|---|---|
| Title | B. C. et al v. Blue Cross of California et al. | | |

Cir. 1978) (citing Louisville & Nashville R.R. v. Mottley, 211 U.S. 149, 152 (1908)).

There are two exceptions to the well-pleaded complaint rule. Under the complete preemption doctrine, "the pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987) (quoting Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 65 (1987)). Alternatively, even if a complaint only seeks relief under state law on its face, so long as it establishes that its "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties," then federal question jurisdiction will be present. Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 13 (1983).

"Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure." Flatwire Solutions, LLC v. Sexton, 2009 WL 5215757, at *1 (C.D. Cal. Dec. 29, 2009) (citing 28 U.S.C. § 1447(c)). "Courts strictly construe the removal statutes against removal jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal." Id. (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)). "The party seeking removal bears the burden of establishing federal jurisdiction." Id. (citing Prize Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "The defendant also has the burden of showing that it has complied with the procedural requirements for removal." Id. (citation omitted).

**B. PROCEDURAL DEFECTS IN REMOVAL**

Under 28 U.S.C. § 1446(b), a defendant must file a notice of removal either (1) "within thirty days after the receipt by the defendant . . . of a copy of the initial pleading," or (2) "[i]f the case stated by the initial pleading is not removable, . . . within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b) (emphasis added).

As noted above, Plaintiffs' original complaint was filed on July 15, 2011. Defendant did not remove the case until more than three months later, on October 28. (Not.) Both the original complaint and the FAC contain only state law causes of action arising out of Defendant's allegedly wrongful denial of coverage under California's Healthy Families Program. Nevertheless, Defendant avers that on October 18, in "continu[ing] to investigate" the claim, a Blue Cross "legal specialist" discovered that at the time the allegedly wrongful denial occurred, B.C. was also enrolled with the company under her father's ERISA plan. (Id. ¶ 3; Docket No.

Case 2:11-cv-08961-GAF-AJW Document 13 Filed 01/03/12 Page 4 of 9 Page ID #:300

JS - 6  LINK: 8

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-08961 GAF (AJWx) | Date | January 3, 2012 |
|---|---|---|---|
| Title | B. C. et al v. Blue Cross of California et al. | | |

11, Opp. at 4.) Thereafter, Blue Cross promptly filed its notice of removal, contending that ERISA preempts Plaintiffs' state law causes of action and thereby gives rise to federal jurisdiction. (Id. ¶ 3.)

In their motion to remand, Plaintiffs contend that Defendant's notice of removal is untimely because it was filed more than thirty days after the original complaint. Plaintiffs reason that as "Blue Cross is the insurer for [B.C.]'s Healthy Families coverage and her father's alleged ERISA plan, it presumably would have been aware of any ERISA coverage at the time the original complaint was filed." (Docket No. 8, Mem. at 13.) Plaintiffs also argue that Defendant's own records of B.C.'s ERISA enrollment do not qualify as an "other paper" within the meaning of § 1446(b), such that would create an additional thirty day window for removal. Defendant contends that neither the original complaint nor the FAC give notice of removability, and that therefore either (1) the § 1446(b) clock started running only when they "received" the record of B.C.'s enrollment in an ERISA plan, in which case the removal was timely; or (2) the clock never started running because they never "received" a paper from Plaintiffs from which it "may . . . be ascertained that the case is one which is or has become removable." According to Plaintiffs, B.C. was enrolled in the ERISA plan, if at all, by her father, without Marrianne's knowledge. (Id. at 5.)

Accordingly, the Court must determine whether a removal made over three months after filing of the complaint may be deemed timely when removability is apparent to a defendant not from the face of the pleadings, but rather from its own records. That procedural issue has caused some confusion in this circuit, and has been left unresolved by the relevant case law. A brief history of courts' treatment of the issue is therefore in order.

In Cantrell v. Great Republic Ins. Co., the Ninth Circuit addressed a closely analogous set of facts but explicitly reserved the question raised by this motion. In that case, the defendant had removed a two-year-old complaint on ERISA preemption grounds, which was similarly silent on its face as to federal jurisdiction. The Court addressed the issue in passing:

> [I]t should be noted that appellees have not argued that Cantrell's failure to allege explicitly any causes of action arising under ERISA in her original complaint caused appellees' failure to remove the action within thirty days of the filing of the original complaint. Nor would it be fair to let appellees "have it both ways," i.e., to permit them to remove the action on the basis of ERISA preemption but excuse them from compliance with the thirty-day removal period, <u>at least in the absence of evidence that appellees were ignorant of the presence of an ERISA component in the action prior to the filing of the amended complaint.</u>

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-08961 GAF (AJWx) | Date | January 3, 2012 |
|---|---|---|---|
| Title | B. C. et al v. Blue Cross of California et al. | | |

> To the contrary, appellees assert, in another context, that no "discovery" is needed in this case to reveal the "true [i.e. "ERISA"] nature of [Cantrell's] claim." In support of this assertion appellees point to a declaration . . . which they attached to their opposition to Cantrell's motion to remand. According to appellees, this declaration states that Cantrell's insurance policy was part of "an ERISA plan." Thus appellees concede that they were aware that the action was really an ERISA case at the outset of the litigation.

873 F.2d 1249, 1255 (9th Cir. 1989) (emphasis added). In Harris v. Bankers Life and Cas. Co., the Ninth Circuit acknowledged that Cantrell had "skirted th[e] issue but did not squarely decide it," disagreeing with a treatise that read Cantrell "as an example of a case that held there was a duty to investigate grounds for removal where the initial pleading failed to list a federal cause of action." 425 F.3d 689, 694 (9th Cir. 2005). Instead, the Court of Appeals articulated a new standard:

> Our analysis in Cantrell presages the more precise holding we reach today: We now conclude that notice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry. Thus, the first thirty-day requirement is triggered by defendant's receipt of an "initial pleading" that reveals a basis for removal. If no ground for removal is evident in that pleading, the case is "not removable" at that stage. In such case, the notice of removal may be filed within thirty days after the defendant receives "an amended pleading, motion, order or other paper" from which it can be ascertained from the face of the document that removal is proper.

Id.

In so holding, the court "reject[ed] the defendant's subjective knowledge as a test for notice," reasoning that requiring courts to conduct such inquiries would see remand motions "degenerate into a mini-trial regarding who knew what and when." Id. at 695 (citing Lovern v. General Motors Corp., 121 F.3d 160, 162 (4th Cir. 1997)). The court determined that "if [it] were to flip the burden and interpret the first paragraph of 28 U.S.C. § 1446(b) (the first thirty-day window) to apply to all initial pleadings unless they clearly reveal that the case is not removable, defendants would be faced with an unreasonable and unrealistic burden to determine removability within thirty days of receiving the initial pleading." 425 F.3d at 694.

Harris thus sets out a firm rule under which a district court is to look only to the four corners of the initial complaint in determining when notice of removability exists under the first

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-08961 GAF (AJWx) | Date | January 3, 2012 |
|---|---|---|---|
| Title | B. C. et al v. Blue Cross of California et al. | | |

paragraph of § 1446(b), and only to the four corners of an "amended pleading, motion, order or other paper" in determining when notice of removability exists under the second paragraph. That rule, however, has led to some confusion in circumstances such as these, where the case may be removable despite defendant never having "received" any pleading or "other paper" demonstrating removability. In these circumstances, a defendant is effectively given an unlimited time frame within which to invoke the jurisdiction of the federal courts, even if it has actual knowledge of removability, as neither clock is deemed to have started.

     Plaintiffs' motion to remand presents this Court with such a case. If, as courts that have addressed the issue have found, § 1446(b)'s "other paper" language is read so as not to include a defendant's own records, the § 1446 timer never started to run in this case, despite the fact that Defendant was the only party with access to documentation demonstrating the existence of federal jurisdiction. See, e.g., Avans v. Foster Wheeler Const. Co., 2010 WL 3153972, at *4 (E.D. Cal. Aug. 6, 2010) ("A defendant's own records cannot logically constitute 'other paper' under § 1446(b).") (citations omitted); Munoz v. J.C. Penney Corp., Inc., 2009 WL 975846 (C.D. Cal. Apr. 9, 2009) (finding that such a reading of the statute is "is contrary to [its] plain language"). Defendant thus had, in effect, complete control of where this case would be heard, with no time limit on its ability to remove under § 1446.

     A number of courts have demonstrated unease with that result, particularly when the evidence suggests that a defendant is or should be on notice of an action's removability despite it not being "plain" on the face of the complaint, or when the nature of the information giving that notice is such that defendant is effectively granted a permanent removal power. In Kohan Productions Ltd. v. Comerica Bank, a defendant sought to remove long past § 1446(b)'s thirty day window, contending that another, non-diverse defendant had been fraudulently joined – a fact which was known to the removing defendant but not apparent from the face of the complaint. 2010 WL 856504, at *4 (C.D. Cal. Mar. 11, 2010). Judge Gutierrez rejected what he called "the unacceptable conclusion that § 1446(b) imposed absolutely no time restriction on [defendant's] removal based on fraudulent joinder – the first 30-day window did not apply because the initial Complaint was indeterminate and the extended 30-day window did not apply because [it] did not receive any 'paper' disclosing jurisdictional facts." Id. The court found that the removal was procedurally defective because defendants did "not point to their receipt of any 'paper' that would disclose jurisdictional facts for the first time in the case," a holding it sought to square with Harris, which it read as emphasizing the existence of two distinct thirty-day windows, each triggered by a paper received by the defendant. Id.

     A Northern District of California court reached a similar conclusion in KDY, Inc. v. Hydroslotter Corp., 2008 WL 493821 (N.D. Cal. Nov. 17, 2008). So as not to engage in the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-08961 GAF (AJWx) | Date | January 3, 2012 |
|---|---|---|---|
| Title | B. C. et al v. Blue Cross of California et al. | | |

form of "subjective" inquiry rejected in Harris, the court there imputed a sort of retroactive notice to the complaint, concluding that, because the defendant had sufficient knowledge to remove, and because it could not have "received" that information from its own records, "the only pleading from which [the defendant] might [have] garner[ed] sufficient information to determine that there was . . . [federal] jurisdiction was" – indeed, must have been – "the original complaint." Id. at *2. The court thus relied upon a legal fiction, necessitated by the Harris court's language directing district courts to focus on the "four corners" of the complaint, and refusing to place any sort of duty on defendants to investigate bases for removal upon receipt of the original pleadings.[1]

      Other courts have read the removal statute more literally, concluding, in similar circumstances, that removal was "premature rather than untimely." Adelpour v. Panda Express, Inc., 2010 WL 2384609, at *6 (C.D. Cal. Jun. 8, 2010) (citing Rossetto v. Oaktree Capital Management, LLC, 664 F.Supp.2d 1122, 1129 (D.Haw. 2009)). In Adelpour, the defendants contended that removal of a class action was timely because both the original and first amended complaint did not contain specific allegations regarding the amount of damages, so as to establish that the amount in controversy exceeded the Class Action Fairness Act's ("CAFA") jurisdictional requirement. (Id. at *4.) Defendants thus argued that no thirty day period had begun to run. Id. Judge Morrow held that "given defendants' disavowal of a necessary prerequisite to removal, the court need not proceed further. Defendants have not received from plaintiffs any pleading or other paper setting forth a basis for jurisdiction." Id. at *5. Accordingly, the court concluded, removal was "premature." Id. Although Judge Morrow conceded that "it may lack efficiency to require the parties to return to state court until defendants receive a paper from plaintiffs conceding" that the case is removable, she concluded that "this is precisely what § 1446(b) requires." Id. (citing Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 691-92 (9th Cir. 2006) ("Dow removed this action to district court a mere seven days after the workers filed their First Amended Complaint, and less than a month after the case was filed. Once in federal court, Dow failed to present to the district court any pleading, evidence, or admission that establishes that it is more likely than not that jurisdiction lies. On these facts, it is well within the court's discretion to remand to state court rather than ordering jurisdictional discovery, with the knowledge that later-discovered facts may prompt a second attempt at removal. Doing so avoids encouraging the sort of premature removal presented to us here")).

      These cases demonstrate that two premises of this circuit's removal jurisprudence – on

---

[1] Although reading "other paper" to include a defendant's own records may provide a limiting principle to allay these concerns, that interpretation would require precisely the sort of "subjective" inquiry rejected in Harris.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-08961 GAF (AJWx) | Date | January 3, 2012 |
|---|---|---|---|
| Title | B. C. et al v. Blue Cross of California et al. | | |

the one hand, that a defendant cannot "receive" its own paper; on the other, that the § 1446(b) clock does not start until a paper is "received" – collide in circumstances such as these, where the defendant is the only party with access to information demonstrating removability. Indeed, although the Harris rule seeks to avoid "mini-trial[s] regarding who knew what and when," and to avoid placing "an unreasonable and unrealistic burden [on defendants] to determine removability within thirty days of receiving the initial pleading," there are circumstances in which strict adherence to the rule conflicts with other longstanding principles of removal jurisprudence, namely "avoid[ing] gamesmanship," Harris, 425 F.3d at 697, and reaching an "early resolution of the court system in which the case will be heard." Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 758–60 (11th Cir. 2010).

In light of the foregoing, the Court follows the approach adopted in Adelpour and Rossetto, and finds that a removal filed before a plaintiff has served a paper on the defendant demonstrating removability is premature. That rule squares the plain language of § 1446(b) with the Ninth Circuit's holding in Harris without creating an unlimited time frame within which a defendant is able to remove to federal court. See Harris, 425 F.3d at 694 ("Thus, the first thirty-day requirement is triggered by defendant's receipt of an 'initial pleading' that reveals a basis for removal. If no ground for removal is evident in that pleading, the case is 'not removable' at that stage.") Moreover, and particularly in a case such as this one, it restores to a plaintiff some control over and predictability with respect to removal.[2] The Court finds that this approach best balances the various interests at stake in assuring that removals are filed in a timely and efficient manner, while avoiding gamesmanship and the sort of subjective inquiries rejected in Harris.

In this case, the only papers Defendant offers to demonstrate the existence of federal jurisdiction are its own. Accordingly, the Court concludes that Defendant is not in receipt of an initial pleading, nor any "amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). Its notice of removal is, therefore, premature, and the motion to remand must be **GRANTED**.

**C. REQUEST FOR ATTORNEYS' FEES**

Plaintiffs also request an award of attorneys' fees. Pursuant to 28 U.S.C. § 1447(c), a

---

[2] The Court acknowledges that this approach is not without its own faults. In particular, its formalism may allow a plaintiff to avoid or at least delay a proper removal merely by refusing to serve on the defendant a paper demonstrating the existence of federal jurisdiction. Such formalism, however, is in keeping with the Ninth Circuit's approach in Harris.

JS - 6  **LINK: 8**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-08961 GAF (AJWx) | Date | January 3, 2012 |
|---|---|---|---|
| Title | B. C. et al v. Blue Cross of California et al. | | |

district court has the discretion to award attorneys' fees and costs upon remand if the defendant lacked an "objectively reasonable" basis for removal. See Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005); Patel v. Del Taco, Inc., 446 F.3d 996, 999 (9th Cir. 2006) (upholding fee award under § 1446(c) where the removal was "frivolous"). Although the Court concludes that Defendant's removal lacked merit, the above discussion should demonstrate that the petition and arguments made in support thereof were carried forward in good faith. Accordingly, the Court **DENIES** Plaintiffs' request for attorneys' fees.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' motion to remand is **GRANTED** and the case is **REMANDED** to Los Angeles Superior Court. The hearing on this motion presently scheduled for January 9, 2012, at 9:30 AM, is **VACATED**.

**IT IS SO ORDERED.**